IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SYLVESTER JACKSON,

                    Plaintiff,

    v.

DEBRA TIDQUIST, KENNETH ADLER,
GEORGIA KOSTOHRYZ and GREG MEIER,

                    Defendants.

ORDER

13-cv-662-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se prisoner Sylvester Jackson is proceeding on claims under the Eighth Amendment that (1) defendants Debra Tidquist and Kenneth Adler discontinued his insulin for treating his diabetes; and (2) defendants Greg Meier and Georgia Kostohryz refused to provide any treatment to plaintiff when his blood sugar levels were high. Now before the court is defendants' motion for summary judgment. Dkt. #20.

      In their motion, defendants argue that plaintiff cannot prevail on his claims because none of the defendants were deliberately indifferent to a serious medical need. King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012). In particular, defendants argue that they were not deliberately indifferent because plaintiff's insulin prescription was discontinued upon *his* request on November 9, 2011; at that time, defendant Tidquist agreed with plaintiff that he was managing his diabetes without insulin; plaintiff did not report any symptoms to defendants Meier and Kostohryz suggesting that he needed insulin right away;

1

and defendant Adler's only involvement was to renew plaintiff's insulin prescription on November 28, 2011, a day after plaintiff complained to Kostohryz. In addition, defendants argue that plaintiff's only evidence of harm is a high-blood sugar level and that high-blood sugar without accompanying symptoms is not a serious medical need.

Plaintiff's deadline for responding to defendants' motion was September 29, 2014, but the court has not received any summary judgment materials from plaintiff. Accordingly, I must accept as true defendants' proposed findings of fact, including their proposed facts regarding the issues summarized above. Yancick v. Hanna Steel Corp., 653 F.3d 532, 543 (7th Cir. 2011); Procedure to Be Followed on Motions for Summary Judgment, II.C., dkt. #12 ("Unless the responding party puts into dispute a fact proposed by the moving party, the court will conclude that the fact is undisputed."). Those facts show both that defendants used medical judgment in deciding how to treat plaintiff and that defendants did not subject plaintiff to a substantial risk of serious harm. In light of those undisputed facts, no reasonable jury could find that defendants violated plaintiff's Eighth Amendment rights, so I am granting defendants' motion for summary judgment. King, 680 F.3d at 1018 (medical provider violates Eighth Amendment if her "decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment"); Jackson v. Pollion, 733 F.3d 786, 787-88 (7th Cir. 2013) (failure to treat high blood pressure for short period of time not Eighth Amendment violation without accompanying evidence of injury or substantial risk of injury).

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants Debra Tidquist, Kenneth Adler, Greg Meier and Georgia Kostohryz, dkt. #20, is GRANTED. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 23d day of October, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge